# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEREK POTOCKI,** | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:14-0906 |
| v. | : |
| | : (Judge Mannion) |
| **WARDEN THOMAS,** | : |
| Respondent | : |

## **MEMORANDUM**[1]

Petitioner, Derek Potocki, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges the legality of a Massachusetts detainer lodged against him. (Doc. No. 1, petition). Specifically, he claims that on April 2, 2012, he "filed a request for disposition of pending charges pursuant to the Interstate Agreement on Detainers Act ("IAD") with the district attorney for Essex County, Massachusetts. Id. He states that "on August 29, 2012, Assistant Director of Security for Essex County Sheriff's Department, Anthony J. Turco, Jr. responded to the IAD request and removed the detainer on

---

1. For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Potocki." Id. On January 29, 2013, Potocki filed a "petition demanding a speedy trial", and on January 17, 2014, he filed a "motion for dismissal of indictment." Id. Potocki claims that on April 29, 2014, the Essex County district attorney "re-filed the detainer pursuant to the IAD Act." Id. Thus, on May 12, 2014, Petitioner filed the instant action, seeking dismissal of his state action in the Essex County court, and removal of the detainer. Id. For the reasons outlined below, the action will be transferred to the United States District Court for the District of Massachusetts.

**Discussion**

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). The Rules are applicable to § 2241 petitions under Rule 1(b). Id.

In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this case, it is apparent from the fact of the petition that Potocki

cannot seek habeas relief in this Court.

Although a §2241 petition is "the appropriate procedure under which to challenge the validity of a detainer against an individual in federal custody," Kirkpatrick v. Ohio, Civil Action No. 1:07–CV–2202, 2007 WL 4443219, at *1 (M.D.Pa. Dec.18, 2007) (Conner, J.), the petition must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). As explained in Graham v. Brooks, 342 F.Supp.2d 256, 261 (D.Del.2004), "when a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not" the prisoner's custodian. Rather, the "petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." Id. (citing Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004). Graham reiterated that the district court having jurisdiction over the state officer who issued the detainer has habeas jurisdiction over §2241 petitions filed in such cases. See id. at 261–62.

Even if this Court has concurrent jurisdiction over the challenge to the Massachusetts detainer, it is evident that Petitioner's claims are best adjudicated in Massachusetts. A court may transfer any civil action for the convenience of the

3

parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). In Braden, the Court held that an action by an inmate attacking a detainer lodged by another state may be transferred for the interests to the district court in the state which lodged the detainer. 410 U.S. at 499 n. 15.

It is apparent that the United States District Court for the District of Massachusetts is the proper forum within which to attack the legality of a detainer issued by the State of Massachusetts and also to answer the question of whether Potocki has exhausted any remedies available to him under Massachusetts state law. Consequently, this matter will be transferred to the United States District Court for the District of Massachusetts pursuant to § 1404(a). A separate Order will be issued.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 28, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0906-01.wpd